UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STACY KIM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:13-CV-1414-NAB |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Stacy J. Kim's ("Kim") application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 15.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Because the Court finds that the decision denying benefits is not supported by substantial evidence, the Court will reverse and remand the decision to the Commissioner.

**I.  Standard of Review**

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support

the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## II. Discussion

Kim contends that administrative law judge ("ALJ") erred, because the residual functional capacity ("RFC") determination had no support in the record. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

2

determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). "Some medical evidence must support the determination of the claimant's RFC." *Eichelberger*, 390 F.3d at 591 (citing *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000)) (internal quotation marks omitted). "[T]he ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace.'" *Id.* (quoting *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003)). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In this case, the ALJ determined that Kim had the severe impairments of obesity, degenerative changes of the shoulders and knees, myalgia/fibromyalgia, and gelling phenomenon. (Tr. 16.) The ALJ opined that Kim could perform light work, except she could not climb ropes, ladders, or scaffolds; could occasionally climb stairs and ramps, stoop, kneel, crouch, crawl, and reach overhead bilaterally; and should avoid concentrated exposure to unprotected heights. (Tr. 17.)

Based upon the Court's review of the record as a whole, the Court finds that substantial evidence does not support the ALJ's decision. The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) (internal citation omitted). There is no bright line test for determining when the Commissioner has failed to develop the record and the determination is made on a case by case basis. *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R.

3

§ 404.1519a(b). It is true that "[a] disability claimant has the burden to establish [his] RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)). However, the ALJ has an independent duty to develop the record despite the claimant's burden. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

The administrative record included Kim's treatment records and her testimony at the administrative hearing. A review of this evidence demonstrates that additional evidence was necessary to determine Kim's RFC. A consultative examination was necessary, because there is not enough evidence in the record to determine Kim's true functional ability. *See* 20 C.F.R. § 404.1519a(b). The record shows that Kim has exhausted multiple medications for her rheumatoid arthritis and has stopped working. There is no evidence in the record that substantiates the limitations contained in the RFC determination.

The Court also finds that the ALJ improperly discredited Kim's allegations that she could not perform basic work activity. First, the ALJ found her statement to her doctor that she left her job due to her arthritis and her testimony that she quit after dropping a knife on a patient as inconsistent. The ALJ also commented that Kim's allegation that she was close enough to a surgical site to drop a knife on the patient "seems at odds with normal operating room procedure." (Tr. 20.) The statement Kim made to her doctor and her testimony are consistent and actually enhance rather than detract from her credibility. Second, the ALJ is not in a position to speculate, without any evidentiary basis, the standards of normal operating room procedures.

Further, the ALJ also improperly discredited Kim, because she was able to pick up her son who, weighed 25 pounds, two years before the hearing. (Tr. 20, 43-44.) The ALJ asked Kim who picks up her son and changes his diapers. (Tr. 43.) She testified that her son went to

4

school and he was potty trained by two years old. (Tr. 43-44.) Her son was approximately three to three and a half years old[2] at the time of the administrative hearing, therefore her picking him up, before he was potty trained between birth and two years old, was not indicative of her current ability to perform work related activities full-time on a daily basis. Finally, Kim's Adult Function Report and her testimony provide consistent evidence regarding the limitations in activities of daily living caused by her impairments. (Tr. 28-44, 158-165.)

The Court will reverse and remand this action so that the ALJ can obtain a consultative examination and make a new RFC and credibility determination.

Accordingly,

**IT IS HEREBY ORDERED** that the relief which Kim seeks in her Complaint and Brief in Support of Plaintiff's Complaint is **GRANTED in part and DENIED in part**. [Docs. 1, 22.]

**IT IS FURTHER ORDERED** that the Commissioner's decision of April 9, 2012 is **REVERSED** and **REMANDED** for a physical consultative examination and new residual functional capacity and credibility determination.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will be filed contemporaneously with this Memorandum and Order remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

Dated this 15th day of August, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Kim testified that her son was born in 2008 and was three at the time of the hearing. (Tr. 41, 43.)